# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| NORMAN COOK and GLENDA SUE COOK, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 09-3074-CV-S-GAF ) |
| STOREY WRECKER SERVICE, INC. and MARK COOK, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiffs Norman Cook and Glenda Sue Cook's ("Plaintiffs") Motion to Remand. (Doc. #5). Plaintiffs contend their claim against a fellow Missouri resident, Mark Cook ("Cook"), is valid and destroys diversity. *Id.* Defendant Storey Wrecker Service, Inc. ("Defendant") argues Cook was fraudulently joined, that Plaintiffs are not seeking a judgment against Cook, and that Plaintiffs do not have a cause of action against Cook. (Doc. #9). For the reasons set forth below, Plaintiffs' Motion to Remand is DENIED.

## DISCUSSION

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citation omitted). A defendant can successfully remove a case despite the presence of a resident defendant that destroys diversity "if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (citation omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and

1

law supporting a claim against the resident defendants." *Filla v. Norfolk S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003) (*citing Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (citation omitted).

**II.     Analysis**

Plaintiffs' state court Petition states as follows with respect to Cook:

4. At all times mentioned in this Petition, defendant Storey was the agent, servant and employee of defendant Cook, and was at all times acting within the course and scope of that agency and employment. Alternatively, said defendants Storey and Cook were engaged in a joint venture, enterprise, and undertaking, and said defendant Storey was acting within this course and scope of that undertaking.

5. On September 28, 2008, defendant Storey (through an employee, the identity of which is unknown, and is hereafter referred to as "employee") went to 306 Flynn Road for the purpose of loading, and then transporting a dirt trencher to Oklahoma. The trencher was owned by defendant Cook, and was to be hauled to Oklahoma for his benefit and use. Plaintiff Norman Cook loaded the trencher at the express request, direction, and instructions of said employee. At the time said trencher was loaded, plaintiff Norman Cook could not see the tracks of the trencher in relation to the sides of the trailer, but relied exclusively upon the guidance and instruction of the employee with respect to said loading. Said employee knew or should have known of said reliance.

6. As the trencher was being loaded, the tracks fell off the side of the trencher, causing the trencher to land on plaintiff Norman Cook.

Defendant attaches an exhibit to its Motion to Remand alleging the same attorney who once represented Plaintiffs has now entered an appearance as attorney for Cook. (Doc. #9, Ex. A). Defendant also attaches affidavits that state Cook was an employee of Varilease Financial and that Cook's only involvement in the case was arranging for the pickup of equipment on behalf of Varilease Financial. (Doc. #9, Ex. B-C). According to Defendant, Plaintiffs have no intention of pursuing a claim against Cook, who is their son.

2

Other district courts have found it appropriate to consider affidavits and exhibits outside the pleadings when presented with a motion like the one in this case.  *See Dumas v. Patel*, 317 F. Supp. 2d 1111, 1114 (W.D. Mo. 2004); *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187 (E.D. Mo. 1995); *& Petersen v. Rusch, Inc.*, No. 4:05CV01328ERW, 2006 WL 83492, at *2-*3 (E.D. Mo., Jan. 12, 2006).  The reasoning in those cases is persuasive and the Court finds that in addition to instances where the face of the petition reveals no valid claim against a nondiverse defendant, it is often proper to consider additional evidence to determine allegations of fraudulent joinder.

After considering Defendant's submissions here, the Court thinks the circumstances surrounding Plaintiffs' claims against Cook are so questionable that they have no reasonable basis in fact and law.   At minimum, the arrangement of the legal representation of Plaintiffs and Cook indicates a collusive interest.  Further, the affidavits and evidence submitted by Defendant shows no viable claim against Cook exists amidst the exiguous factual assertions proffered in the Petition to support claims couched primarily as legal conclusions.  Plaintiffs' Motion to Remand is therefore DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED:   April 20, 2009